# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2018

Lyle W. Cayce
Clerk

ANTHONY BURNS,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; FRANK ALLUMS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3280

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Anthony Burns, Texas prisoner # 01954281, appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his 42 U.S.C. § 1983 complaint. Burns filed the complaint alleging Eighth Amendment violations resulting from an accident involving an inmate bus, which he occupied as a passenger, and another vehicle. For the reasons discussed below, the judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20632

of the district court is affirmed, and Burns's motion for appointment of counsel is denied.

Burns devotes a majority of his brief and reply brief to the district court's determination that he failed to exhaust his administrative remedies with respect to his Eighth Amendment claims. Burns, however, does not challenge the district court's alternative ruling that the defendants are entitled to Eleventh Amendment immunity for any claims raised against them in their official capacities. He also does not raise his claim that Davis is liable in her individual capacity for not providing "seatbelts or other safety measures on bus for inmates." These claims are thus deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). As to Allums, Burns does not contest the district court's finding that his Eighth Amendment claim amounted to one of negligence, which is not cognizable in a § 1983 action. *See Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996). Accordingly, he has abandoned this claim as well. *See Brinkmann*, 813 F.2d at 748.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.